# LAW OFFICES OF ALBERT J. RESCINIO, L.L.C.
## 1500 ALLAIRE AVENUE, SUITE 101
### OCEAN, NJ   07712

ALBERT J. RESCINIO                                                          732-531-2005
MEMBER OF N.J. BAR                                                   FAX 732-531-8009
ERIK W. MUELLER, ESQ.                                          E-MAIL
                                                             arescinio@rescinio.com

MEMBER OF N.J. BAR
www.rescinio.com


                                                        November 4, 2019


**VIA CM/ECF EFILING**
Hon. Brian R. Martinotti, U.S.D.J.
Clarkson S. Fisher Building & U.S. Court House
402 East State Street, Rm. 341
Trenton, NJ 08608


                    RE:   **GRECO V. GREWAL, ET.AL.**
                    **FEDERAL DOCKET NO.: 3:16-cv-19145-BRM-TJB**
                    **FILE NO.:    4166**


Dear Judge Marinotti:

        This office represents David Greco, the plaintiff in the above entitled action. I just received an Order granting the Atty. General's "Letter Request" for the release of highly confidential information relating to the ERPO. This request was filed on Friday afternoon and I was preparing the attached opposition when I suddenly received the Order granting relief before I had the opportunity to file my opposition. The Court inadvertently treated the application as "Unopposed" and therefore granted the relief requested. I am taking the liberty of enclosing an Order to vacate the earlier Order to correct this oversight. The text of the ERPO Act itself dictates the "process that is due" to Plaintiff (for Fourteenth Amendment purposes) and this requires notice, right to respond, and an actual hearing where the party seeking to make information public meets a "good cause" legal standard. *See* accompanying Memorandum of Law. The Defendants' application does not even argue that there is "good cause", and clearly any Order entered by a Court (any Court, including this Federal Court) without compliance with the process due as per the ERPO Act violates Plaintiff's substantive rights. Certainly I understand that this was inadvertent and a misunderstanding.

        The information which DAG Lucas wishes to disclose to the court is not germane to the issue before the court for which we seek the preliminary injunction (we are asking the court to rule on the constitutionality of the statute not whether the statute was constitutionally applied to Mr. Greco). As such the information regarding the underlying facts of the TERPO which was petitioned and issued (*ex parte*) is irrelevant to whether the statute itself is constitutional and whether a preliminary injunction should issue for the state.

        Quite simply, the defendant's desire to release this highly confidential information is done for

no other reason than to attempt to draw the court''s attention away from the constitutionality issue and muddy the waters attempting to make the plaintiff look like a "bad person" instead of focusing on the constitutionality issue.

Further, the issue of whether the confidential information can be released must be made before the New Jersey Superior Court, Camden County, where the TERPO was issued. Besides being procedurally correct it would only make sense that the issuing court be the one to review whether the confidential information could be released because to allow any other court to do it would automatically require the release of the information obviating and necessarily violating the whole confidentiality law.

The information which is not germane to the issue before the Court which the DAG wishes to release to the Court as noted above was entered ex parte. Therefore proper foundation was not laid for certain exhibits which were entered on the record below and most importantly the defendant in that matter, Mr. Greco, was not given the opportunity to review and/or challenge information. Therefore, the DAG wishes to release highly confidential information which has not truly been vetted by the court process which would have allowed Mr. Greco to both review any evidence, challenge any evidence, and cross-examine any witness which was being presented against him. Therefore, to utilize this highly confidential information which has not properly been vetted is inappropriate.

Finally, DAG Lucas has only entered an appearance for Gerber S. Grewal. His order now indicates that not only does he represent the Atty. Gen. he represents Jared M. Maples, New Jersey Office of Homeland Security and Preparedness, Camden County Prosecutor's Office, Jill S. Mayer, and Nevan Soumalis. Because no appearance has been entered for Jared M. Maples, New Jersey Office of Homeland Security and Preparedness, Camden County Prosecutor's, Jill S. Mayer, and Nevan Soumalis DAG Lucas' submission is improper.

Also, I now find it rather incredulous that he could not comment on the issue of the stay of the Superior Court matter, yet put in opposition to it, and now it turns out that he is stating that he represents the assistant prosecutor Nevan Soumalis who is assigned to handle that matter.

So the court is aware, and I direct your attention to my submission, the TERPO records are so highly confidential that DAG Lucas should not even have been informed about the contents of the hearing much less had access to any of the records or transcripts without a court order from the Camden County Superior Court which would have been required to be made by motion which would have given my office the opportunity to be heard and abject on behalf of Mr. Greco.

This letter request was opposed and I request the Court vacate the order which was just entered and deny same at least until such time as a hearing can be held on a properly filed motion before the correct court to determine if the privileged information may be released.

Thank you for your kind considerations in this matter.

Respectfully submitted,

*s/Albert Rescinio*

**ALBERT J. RESCINIO, ESQ.**

AJR/dk

cc: David Greco via email only
    Hon. Edward J McBride, Jr., P.J.Cr. via e-mail only
    Nevan Soumilas, Esq. via e-mail only
    All Counsel of Record via CM/ECF E-FILE