LAW OFFICES OF ALBERT J. RESCINIO, L.L.C.
1500 ALLAIRE AVENUE - UNIT #101
OCEAN TOWNSHIP, NEW JERSEY  07712
TELEPHONE:        (732) 531-2005
TELEFAX:             (732) 531-8009
ARESCINIO@RESCINIO.COM

**December 5, 2019**

**Honorable Brian R. Martinotti, U.S.D.J.**
**United States District Court**
**District of New Jersey**
**Newark Vicinage**
**United States Court House**
**Newark, New Jersey  07102**

      RE:   *David M. Greco v. Gurbir S. Grewal, et al*
              **Civil Action No. 3:19-cv-19145-BRM-TJB**

**Dear Judge Martinotti:**

     I am writing to update the Court as to the status of the pending collateral State Court Proceeding ("FERPO Hearing") which was originally scheduled for Monday December 9, 2019. After a telephone conference with the State Court this afternoon, that State Court adjourned all matters in that case January 27, 2020.  This was done in part to allow the State to respond to several motions I filed on behalf of Mr. Greco, and in part to wait to see what your honor does with the pending application for Preliminary Injunction and perhaps final resolution.  The State Court essentially stayed its hand and deferred to your honor.  The point being that the immediate time frame as to Mr. Greco at issue has just been extended from next Monday to a date to be fixed in late January 2020, a fact your Honor should be immediately made aware.

     Additionally, at oral argument on the application for a Preliminary Injunction the State, after essentially conceding (though strangely literally refusing to verbalize this concession) that the ERPO Act is indeed facially unconstitutional in violation of the Fourth Amendment to the *United States Constitution* and Article I, Paragraph 7 of the *New Jersey Constitution* (1947), they then extended their arguments beyond that made in their Brief.  Specifically, at oral argument the Defendant Attorney General, in response to my *Winberry* separation of powers argument, suggested that alternatively the facially unconstitutional ERPO Act can be salvaged because "they" (the present Attorney General's Office) will make efforts to ensure that the literal text of the statute as passed by the Legislature and signed by the Governor is ignored, and that instead of following the actual law - the unconstitutional literal text "good cause" - that they will instead seek to have State trial courts apply a different (and constitutional) legal standard of "probable cause" in the future (the literal text notwithstanding.)

     I frankly was caught off guard by this peculiar argument.  To the extent permitted, Plaintiff directs the Court to the following passage from the United States Supreme Court's decision in *United States v. Stevens*, 559 U.S. 460 (2010) which summarily rejected this identical

argument in a similar set of circumstances, and which holding should be dispositive here causing this Court to reject the State's "peculiar" argument:

> Not to worry, the Government says: The Executive Branch construes § 48 to reach only "extreme" cruelty, Brief for United States 8, and it "neither has brought nor will bring a prosecution for anything less," Reply Brief 6–7. The Government hits this theme hard, invoking its prosecutorial discretion several times. See *id.,* at 6–7, 10, and n. 6, 19, 22. *But the First Amendment protects against the Government; it does not leave us at the mercy of **noblesse oblige**.*[1] *We would not uphold an unconstitutional statute merely because the Government promised to use it responsibly.* Cf. *Whitman v. American Trucking Assns., Inc.,* 531 U.S. 457, 473, 121 S.Ct. 903, 149 L.Ed.2d 1 (2001). (Emphasis added).

[*United States v. Stevens*, 559 U.S. at 479].

      To the same effect is the Supreme Court's holding in *McDonnell v. United States*, 579 U.S. ___ (slip. op at page 23), 136 S. Ct. 2355, 2373–74 (2016) (noting that "we cannot construe a criminal statute on the assumption that the Government will 'use it responsibly'") (quoting United States v. Stevens, 559 U.S. 460, 480 (2010))  and *Lewis v. Alexander*, 685 *F.3d* 325, 341 (3d Cir. 2012) ("[T]o the extent the agency is pleading for a chance to interpret the statute more leniently than the statute's text might suggest, we question whether we can credit such an interpretation").

      From the foregoing it is clear that a Federal District Court cannot uphold a clearly facially unconstitutional State Statute merely because the State "promises" to ignore and disregard the actual literal unconstitutional text and instead "use it responsibly".  Therefore, to the extent permitted, I hereby supplement my prior written argument by bringing these precedents to the Court's attention.

      Thank you very much.

                         **Respectfully submitted,**
                         **s/** *Albert Rescinio*

                         **ALBERT J. RESCINIO, ESQ.**

**AJR:ms**
**cc:     All Counsel of Record**

---

[1]    French, literal translation is "nobility obligates".  The common meaning attributed to this phrase refers to the unwritten obligation of people from noble ancestry to act honorable and charitably and generously to others.