

*State of New Jersey*

| | | |
|---|---|---|
| PHILIP D. MURPHY<br>*Governor* | OFFICE OF THE ATTORNEY GENERAL<br>DEPARTMENT OF LAW AND PUBLIC SAFETY<br>DIVISION OF LAW<br>124 Halsey Street<br>P.O. Box 45029<br>Newark, NJ 07101 | GURBIR S. GREWAL<br>*Attorney General* |
| SHEILA Y. OLIVER<br>*Lt. Governor* | | MICHELLE L. MILLER<br>*Director* |

January 15, 2020

**Via CM/ECF eFile**
Hon. Brian R. Martinotti, U.S.D.J.
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street, Room 341
Trenton, NJ 08608

Re:   Greco v. Grewal, et al.
      Civil Action No. 3:19-cv-19145-BRM-TJB

Dear Judge Martinotti:

This office represents Defendants Gurbir S. Grewal, Jared M. Maples, New Jersey Office of Homeland Security and Preparedness, Camden County Prosecutor's Office, Jill S. Mayer, and Nevan Soumalis (hereinafter, "Defendants") in the above-referenced matter. Defendants write in response to Plaintiff's Motion for Class Certification. For the reasons discussed below, Defendants request that the Court stay the motion (including any briefing) until this Court issues its ruling on Plaintiff's motion for preliminary injunctive relief and Defendants file a responsive pleading (if necessary) to Plaintiff's Complaint.

Because Plaintiff's motion for preliminary injunctive relief is pending before this Court, Plaintiff's motion for class certification is, at best, premature. This Court has not yet resolved the threshold question of whether Plaintiff has standing to assert his claims. Before a class action can be certified, the potential class representative must demonstrate standing to pursue the representative's own claims. *See Neale v. Volvo Cars of N. Am., LLC*, 794 F.3d 353, 366-67 (3d Cir. 2015) (quoting *Holmes v. Pension Plan of Bethlehem Steel Corp.*, 213 F.3d 124, 135 (3d Cir. 2000)(holding that "a plaintiff who lacks the personalized, redressable injury required for standing to assert claims on his



own behalf would also lack standing to assert similar claims on behalf of a class.")); *see also Davis v. Federal Election Comm'n*, 554 U.S. 724, 734 (2008)("While the proof required to establish standing increases as the suit proceeds, the standing inquiry remains focused on whether the party invoking jurisdiction had the requisite stake in the outcome when the suit was filed.")  If that basic jurisdictional requirement is not satisfied, no class certification can be issued.[1]

Here, if this Court determines that Plaintiff lacks standing to assert the claims contained in his Complaint, or that Plaintiff has failed to state a claim upon which relief can be granted, the absence of a live case or controversy will require not only dismissal of Plaintiff's claim, but dismissal of the putative class claims as well.  *See Board of School Board Commissioners v. Jacobs*, 420 U.S. 128, 129 (1975).

Defendants requested opposing counsel's consent for this stay request and while counsel kindly agreed to a 30-day adjournment of the motion for class certification, Plaintiff did not offer consent to Defendants' requested relief in full. For these reasons, this Court should stay Plaintiff's motion for class certification (including any briefing) until the Court issues its ruling on Plaintiff's request for a preliminary injunction and after Defendants respond (if necessary) to the complaint.

        Respectfully submitted,

        GURBIR S. GREWAL
        ATTORNEY GENERAL OF NEW JERSEY

By:   /s/ Bryan Edward Lucas
      Bryan Edward Lucas
      Deputy Attorney General

cc: All Counsel of Record    **(Via CM/ECF)**

---

[1] Consideration of Plaintiff's motion for class certification is also premature because Defendants have not yet filed a response to Plaintiff's Complaint, the substance of which will be informed by this Court's ruling on Plaintiff's motion for injunctive relief. As discussed in Defendants' opposition to the motion for a preliminary injunction, Plaintiff's lack of standing and the *Younger* abstention doctrine require dismissal of his Complaint on its merits now.  Still, should this Court deny Plaintiff's motion on its merits, but leave the question of potential dismissal of the Complaint for another day, Defendants will likely move for dismissal under Fed. R. Civ. P. 12(b)(6).