LAW OFFICES OF ALBERT J. RESCINIO, L.L.C.
1500 ALLAIRE AVENUE - UNIT #101
OCEAN TOWNSHIP, NEW JERSEY 07712
TELEPHONE:       (732) 531-2005
TELEFAX:            (732) 531-8009

**January 16, 2020**

*VIA CM/ECF eFile:*

**Honorable Brian R. Martinotti, U.S.D.J.**
**United States District Court**
**District of New Jersey**
**Newark Vicinage**
**United States Court House**
**Newark, New Jersey  07102**

  RE: *Greco v. Grewal, et al.*
     **Civil Action No. 3:19-cv-19145-BRM-TJB**

**Dear Judge Martinotti:**

  I am today's date in receipt of the January 15, 2020 letter from Bryan Edward Lucas, Deputy Attorney General, attorney for carious certain Defendants, wherein he informally asks by way of letter for an "indefinite stay" of the Court considering my client's various filed *Rule* 23 Class Action related Motions presently all returnable before your Honor with date to be fixed.  As the Court may remember, presently Mr. Lucas is not required to file an Answer or other responsive pleading until 30 days after your Honor issues a ruling on the pending Preliminary Injunction Application argued last November.  Now, Mr. Lucas is specifically asking that the Court ***not even schedule a time to respond to*** the filed and pending *Rule* 23 Class Action related Motions ***until after*** your Honor's decision on the pending Preliminary Injunction motion ***and until after*** he files and Answer or other responsive pleading (which again itself is stayed until 30 days after decision on the Preliminary Injunction Motion).

  I had previously been willing to consent to a 30 day extension for Mr. Lucas to on to respond to the *Rule* 23 Class Action related Motions as a matter of professional courtesy.  However, since I am now aware from Mr. Lucas' letter of today that the only "new" argument he seeks to advance is Article III Standing, I

**1**

withdraw my consent to any delay and request that the Motions all go forward as scheduled.  Mr. Lucas is free (and at the peril of *Rule* 11) to try to argue Article III Standing as a response to the various pending motions which is the appropriate time, place and forum to raise this issue rather than here and not informally by way of letter.  While I always seek to be courteous, this is nevertheless an adversarial proceeding and I see no benefit for my client or the other proposed Members of the Class to delay anything.  To this end, I hereby enclose a 1 page document from the New Jersey Administrative Office of the Courts which Indicates that between September 1, 2019 and through November 21, 2019 (which was 1 day after our oral argument) a total of 108 *ex parte* TERPOs were Granted under the authority of a statute that clearly facially violates the Fourth and Fourteenth Amendments.  These statistics are now almost 60 days old and I have no information from November 22, 2019 to January 16, 2020, but the "Class Members" are certainly northward of 108 persons and growing.  There is no reason for any further delay.  Class Certification and the related *Rule* 23 Motions are mutually exclusive issues from the Preliminary Injunction.  I cannot very well sit by silently while the State of New Jersey knowingly continues to violate the clearly established Federal rights of citizens and potential Class Members while I am actively seeking appointment as lead counsel for the Class.  Collegiality is one thing, but sitting quietly while the government knowingly violates the rights of citizens is quite another.

To the point, Mr. Lucas argues that *"...[b]ecause Plaintiff's motion for preliminary injunctive relief is pending before this Court, Plaintiff's motion for class certification is, at best premature."*  Lucas Letter of January 15, 2020 at page 1.  This statement is simply not true and is contrary to law.  To this end (and as pointed out in my motion papers), the *Manual for Complex Litigation* (Fourth), published by the Federal Judicial Center (2004) counsels that *F.R.Civ.P.* 23(c)(1) directs the court to determine "**_at an early practicable time_**" whether to certify an action as a class action, noting that "… **_[t]he 'early practicable time' is when the court has sufficient information to decide whether the action meets the certification criteria of Rules 23(a) and (b)_**."   *Id.* at §21.133 - Timing of the Certification Decision, page 252-253.  Despite Defendants not yet having filed their responsive pleadings, the reality is that the statue is indeed facially unconstitutional and the reality is that the only defense asserted to date (that they will follow an Administrative Judicial memo rather than the literal text of the actual law) is no legitimate defense at all. *See Winberry v. Salisbury,* 5 *N.J.* 240, *cert.* denied 340 *U.S.* 877 (1950) and *United States v. Stevens*, 559 U.S. 460 (2010).   This eleventh hour "new" Article III standing argument is simply frivolous, and if they want to raise this argument they should be forced to do so in the context of a formal response to the pending motions where the implications of

*Rule* 11 will apply. Here, the claims are clear and unambiguous, harm continues to the proposed Class Members every day, and it is submitted that at this point the court clearly has sufficient information to decide whether the action meets the certification criteria of *Rules* 23(a) and (b).

The Defendant's argument that "the potential class representative must demonstrate standing to pursue the representatives own claims" is as baseless and ineffectual here as it was at oral argument for the preliminary injunction. The State tried to make this argument in their brief in opposition to the preliminary injunction and Plaintiff soundly rebutted that argument. Additionally, the State tried to make that argument at oral argument before Your Honor and plaintiff again soundly rebutted that argument. As Your Honor may recall the State tries to allege that the Plaintiff lacks standing since "no one" filed a complaint and objected to this law before it went into effect that therefore "no one" is entitled to file complaint now and object to the law after it has gone into effect and been used on an individual.

Of course, the fallacy of this argument is that, as we pointed out at oral argument, if any individual had performed the Atty. Gen.'s job prior to September 1 and objected to a law which had not go into effect we all know the Atty. Gen. would have raised the defense to that complaint alleging that the individual did not have standing as the law had not been used against the individual and therefore there was no damage and no standing.

Therefore, as I indicated oral argument, taking the Defendant's argument to its logical conclusion, what the State is actually saying is that no one would ever have standing to object to this law because prior to it going into effect it would not have been used against them and they would not have standing and after it went into effect they would not have standing because they did not file a complaint prior to it going into effect when they did not have standing.

Clearly, without a doubt, Mr. Greco has standing to pursue his claims and as such can be the representative for the class.

If the standing issue is the best that the state can offer in defense as to why the motion should be stayed it is respectfully submitted that the request be denied and that they put in a formal defense to the motion which will allow the plaintiff to respond and the Court to decide this issue as to the standing and certification of the class.

      In sum, I do not consent to any adjournment or stay, and I ask that the Court either direct Mr. Lucas to file a formal motion seeking a stay so that I may respond in kind, or alternatively that the Court hold a telephone Case Management Conference to discuss the matter.

                                          **Respectfully submitted,**

                                          s/ *Albert Rescinio*

                                          **ALBERT J. RESCINIO, ESQ.**

**AJR:ms**
**enclosure (AOC Statistics)**
**cc:   Bryan Edward Lucas, D.A.G.**
        **All Counsel of Record**

**4**