# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAVID M. GRECO, | |
| Plaintiff, | Civil Action No. 19-19145 (BRM) (TJB) |
| v. | |
| GURBIR S. GREWAL, *et al.*, | **ORDER** |
| Defendants. | |

**THIS MATTER** is before the Court upon Plaintiff David M. Greco's ("Plaintiff") Motion for a Preliminary Injunction (ECF No. 1) and Motion for Class Certification (ECF No. 48). Defendants New Jersey Attorney General Gubir S. Grewal, Jared M. Maples, and the New Jersey Office of Homeland Security and Preparedness (collectively, the "State Defendants"), and the Camden County Prosecutor's Office, Jill S. Mayer, and Nevan Soumails (collectively, the "County Defendants")[1] opposed Plaintiff's Motion for a Preliminary Injunction arguing, *inter alia*, Plaintiff lacked standing to assert his claims. (ECF No. 32.) The Court held oral argument on November 20, 2019. (ECF No. 39.) On January 15, 2020, Defendants filed a Letter Request asking the Court to stay Plaintiff's Motion for Class Certification, pending the Court's ruling on Plaintiff's Motion for a Preliminary Injunction. (ECF No. 49.) Plaintiff opposed Defendants' Letter Request on January 16, 2020. (ECF No. 50.) Having reviewed the parties' submissions filed in connection with the motions and for good cause appearing,

---

[1] Defendants Gloucester Township Police Department, Bernard John Dougherty, Nicholas C. Aumendo, Donald B. Gansky, William Daniel Rapp, and Brian Anthony Turchi (collectively, the "Township Defendants") filed correspondence joining and adopting the legal arguments advanced by the State and County Defendants in opposition to Plaintiff's Motion for a Preliminary Injunction, but declining to provide any briefing of their own. (ECF No. 33.) The Township Defendants did not make any filings relating to Plaintiff's Motion for Class Certification.

**IT IS** on this 17th day of January 2020,

**ORDERED** that the parties are to submit additional briefing, limited to 8 pages each, on Plaintiff's standing to bring a facial challenge to the ERPO Act.[2] Plaintiff will submit his initial brief by no later than January 24, 2020. Defendants will submit their responsive brief by no later than January 31, 2020. Plaintiff, if he so chooses, will submit his reply brief by no later than February 3, 2020; and it is further

**ORDERED** that to the extent Plaintiff contends he is bringing an as-applied challenge to the ERPO Act, Plaintiff shall address standing with respect to the as-applied challenge, and the parties are permitted an additional 8 pages to address this argument; and it is further

**ORDERED** that Defendants' Letter Request (ECF No. 49) is **GRANTED**; and it is finally

**ORDERED** that Plaintiff's Motion for Class Certification (ECF No. 48) is **ADMINISTRATIVELY TERMINATED WITHOUT PREJUDICE** and may be refiled, if appropriate, following the Court's decision on Plaintiff's Motion for a Preliminary Injunction.

**Date: January 17, 2020**                                   */s/Brian R. Martinotti*
                                                             **HON. BRIAN R. MARTINOTTI**
                                                             **UNITED STATES DISTRICT JUDGE**

---

[2] The term "ERPO Act" is well known to the parties and refers to the New Jersey Extreme Risk Protective Order Act of 2018, N.J. Stat. Ann. §§ 2C:58-20 *et seq.*