**Law Offices of Albert J. Rescinio, L.L.C.**
**1500 Allaire Avenue - Unit #101**
**Ocean Township, New Jersey  07712**
**Telephone:   (732) 531-2005**
**Telefax:        (732) 531-8009**
**By:     Albert J. Rescinio, Esq. (ID#034331989)**
**Attorneys for Plaintiff David M. Greco,** *individually and on behalf of others similarly situated*

**UNITED STATES DISTRICT COURT**
**FOR THE**
**DISTRICT OF NEW JERSEY**
**NEWARK VICINAGE**

| | |
|---|---|
| **David M. Greco,** *individually and on behalf of others similarly situated,*<br><br>*Plaintiff,*<br><br>vs.<br><br>**Gurbir S. Grewal,** *New Jersey Attorney General, et al.,*<br><br>*Defendants.* | **Civil Action No. 3:19-cv-19145-BRM-TJB**<br>**Honorable Brian R. Martinotti, U.S.D.J.**<br>**Honorable Tonianne J. Bongiovanni, U.S.M.J.** |

**PLAINTIFF'S MEMORANDUM OF LAW IN REPLY TO THE DEFENDANTS' JANUARY 31, 2020 SUPPLEMENTAL BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION**

At the Court's direction on January 24, 2020 Plaintiff submitted a supplemental brief (EFC Document 52) on the following two specific limited questions:

**1. FIRST QUESTION PRESENTED:**  Does Plaintiff have Article III Standing to bring a legal challenge that the ERPO Act is "facially" unconstitutional because the "*good cause*" legal standard used for automatic issuance of a Search Warrant violates the much higher "*probable cause*" legal standard specifically required by the United States Constitution's

1

Fourth and Fourteenth Amendments and Article I, paragraph 7 of the *New Jersey Constitution* (1947)? **SHORT ANSWER:** *"Yes".*

*And,*

**&.** **SECOND QUESTION PRESENTED:** Does Plaintiff have Article III Standing to bring a legal challenge that the ERPO Act is unconstitutional "as applied" to the Plaintiff because the "*good cause*" legal standard used for automatic issuance of a Search Warrant violates the much higher "*probable cause*" legal standard specifically required by the United States Constitution's Fourth and Fourteenth Amendments and Article I, paragraph 7 of the *New Jersey Constitution* (1947)? **SHORT ANSWER:** *"Yes".*

On January 31, 2020, Defendants submitted their Brief in Opposition, which is a total of 10 pages. (ECF Document 53). Please consider this MEMO as Plaintiff's Reply to such Opposition.

Defendants start their opposition by falsely arguing that "… *Plaintiff's most recent submission to this Court equivocates about whether Plaintiff is only pursuing a facial challenge or also an as applied one* …[.]" Brief at page 3. This is not true at all. Plaintiff has no intention of passively sitting by while the Defendants intentionally and consciously attempt to mischaracterize his legal position.

So there is no question, it is and always has been Plaintiff's **_PRIMARY_** argument[1] that the ERPO Act is "facially" unconstitutional because the "*good cause*" legal standard used for automatic issuance of a Search Warrant that "shall" be issued along with any TERPO issued violates the much higher "*probable cause*" legal standard specifically required by the United

---

[1] The "as applied" argument is merely a cumulative argument, like the many other arguments of the Plaintiff as to how the ERPO Act violates many and various provisions of the Federal and State Constitution, that the Court does not necessarily even have to ever reach because this case is indeed that rare case where the challenged statute is so clearly and without question *per se* "facially" unconstitutional that further inquiry *as to how it is being applied* is not even necessary. It was the Court that asked for briefing on the "as applied" question in the context of standing, and in discussing the distinction between the two Plaintiff merely noted that the United States Supreme Court recently acknowledged the reality in *Citizen's United v. Federal Election Commission,* 558 U.S. 310 (2010) that "… *the distinction between facial and as-applied challenges is not so well defined that it has some automatic effect or that it must always control the pleadings and disposition in every case involving a constitutional challenge*." *Id.* at 331. The lesson being that Court's should not let themselves get bogged down in form over substance, exactly what the Defendants are hoping for here by trying to create "ambiguity" and confusion where there is none.

States Constitution's Fourth and Fourteenth Amendments and Article I, paragraph 7 of the *New Jersey Constitution* (1947) for all Search Warrants.  A facial attack to the constitutionality of a statute is typically described as one where "no application of the statute would be constitutional." *United States v. Salerno*, 481 *U.S.* 739, 745 (1987); *Sabri v. United States,* 541 *U.S.* 600, 609 (2004).  There is no ambiguity that the Fourth Amendment and the New Jersey State Constitution state in relevant part that "… **<u>no Warrants shall issue, but upon probable cause</u>** …".  The Fourth Amendment and New Jersey State Constitution do not state that *some Warrants shall issue ... upon probable cause,* nor does the Fourth Amendment and the New Jersey State Constitution permit that "*some* Warrants can be issued *without probable cause*".  The literal text of both the Fourth Amendment and the New Jersey State Constitution is straight, literal, unequivocal and contains no exceptions:  "NO WARRANTS SHALL ISSUE, BUT UPON PROBABLE CAUSE."  There is nothing to "interpret", there are NO exceptions to the "probable cause" requirement.

     Having said that, equally there is no ambiguity the ERPO Act literally requires that Search Warrants be issued on a "good cause" legal standard.  Here, acting on the authority of the ERPO Act, the Defendants obtained an "automatic" ("no knock") Search Warrant against Plaintiff Greco, and executed the Search Warrant by kicking in the door to his home, searching his home, and seizing his lawfully registered gun, ammunition and his Firearms Purchaser Card.  This is the "damage" that was proximately caused by the Constitutional violation.  This is not an abstract debate:  The Government kicked in his door and took his property, and they used an unconstitutional Search Warrant issued under the authority of the ERPO Act to do so. This is a clear - and *per se* and "facial" violation - of the United States Constitution's Fourth Amendment and of the New Jersey State Constitution.  This is the *threshold argument* Plaintiff raises in his

*per se* "facial" challenge to the Constitutionality of the ERPO Act. And there is no question that the literal text of the ERPO Act which the Defendants are required to enforce and implement against people like Plaintiff Greco here and others similarly situated is *per se* and "facially" unconstitutional and invalid and must be declared so by this Court.

As to Plaintiff's Article III Standing *and his right to raise the threshold argument* that the ERPO Act is *per se* and "facially" unconstitutional as violating the Fourth Amendment and New Jersey State Constitution, all Plaintiff need demonstrate to have standing to challenge the constitutionality of the literal text of this statute is two things: (1) That the literal text of the statute is on its face, *per se* and "facially" unconstitutional (THERE IS NO QUESTION THAT PLAINTIFF DOES THIS); and (2) that Plaintiff identify some specific identifiable injury (THERE IS NO QUESTION THAT PLAINTIFF DOES THIS). That ends the inquiry for Article III Standing purposes.

The ERPO Act as written and passed by the Legislature and Governor is unconstitutional. Period. Plaintiff had a "good cause" Search Warrant issued against him by the Defendants based upon the specific authority of the literal text of the ERPO Act, the "good cause" Search Warrant was then executed against Plaintiff's home, Plaintiff's home was invaded by Defendants, and Plaintiff's property was seized by the Defendants. Plaintiff therefore has Article III Standing to pursue a *per se* "facial" challenge to the Constitutionality of the "automatic search warrant" provisions of the ERPO Act. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992); *see also Blunt v. Lower Merion School District,* 767 *F.3d* 247, 278 (3d Cir. 2014) (traditional notion of Article III Standing *"… require[es] only that the claimant allege some specific, identifiable trifle of injury."*). The inquiry is that simple and the Court should issue the preliminary injunction as requested.

**The Defense to an "As Applied" Challenge is no Defense at All:**

The Defendants, however, claim that Plaintiff - who had a "good cause" ("no knock") Search Warrant automatically issued against him along with the TERPO, who had the door to his home kicked in, who had his home searched and his property seized, all under the authority of the ERPO Act - has, according to Defendants, suffered no "injury" and therefore - they claim - that Plaintiff lacks Article III Standing to pursue his Constitutional claims. How do they claim something so bizarre that there was no "injury"? The Defendants' arguments in this regard are really a defense of sorts which - if they were "defenses" that this Court could listen to and consider - would only apply to an "as applied" challenge anyway. Specifically, Defendants argue:

> …[u]nder Plaintiff's own constitutional theory, Plaintiff cannot show any Fourth Amendment injury. As laid out above, Plaintiff contends that the ERPO Act violates the Fourth Amendment ***because it ["] allows ["]*** courts to issue search warrants for firearms on a showing of "good cause". ***Therefore, to show actual injury, Plaintiff must prove that he was subjected to a warrant supported only by good cause.*** He cannot do so. As the State has already explained, while a state court did issue a warrant authorizing law enforcement to seize Plaintiff's weapons under the ERPO Act, that warrant was explicitly supported by probable cause. (Emphasis added).

[Defendants' Brief at page 4]

First to be clear, the ERPO Act does not ***["] allow ["]*** courts to issue search warrants for firearms on a showing of "good cause", IT LITERALLY REQUIRES A SEARCH WARRANT TO BE AUTOMATICALLY ISSUED WITH NO DISCRETION IN THE COURT TO DECLINE TO ISSUE A SEARCH WARRANT!

Next, Defendants argue that for Plaintiff Greco "*to show actual injury, Plaintiff must prove that he was subjected to a warrant supported only by good cause*." WRONG. To satisfy

5

standing requirements to bring a *per se* "Facial" challenge, Plaintiff must show that (1) he was subject to an automatic "good cause" Search Warrant issued under the Authority of the ERPO Act (he has) and (2) that he suffered damage as a result (he has).  That is it.

Next, while conceding that the ERPO Act is facially unconstitutional, the Defendants argue that Plaintiff was not harmed because - *they contend* - that the Search Warrant issued against Plaintiff was in truth actually not based upon automatic "good cause" and the ERPO Act but rather was based upon "probable cause" as per the MEMOs.  There is a presumption that the law - the statute - was followed.  If the Defendants want to try to prove something else occurred - such as the ERPO Act actually being violated, that would appear to be their burden.  Defendants claim this is so because they claim that all Defendants intentionally violated and disregarded the literal text of the actual ERPO Act and instead took it upon themselves to follow directives in a series of administrative MEMOs, one issued by the New Jersey Administrative Office of the Courts and the other issued by the New Jersey Attorney General's Office, both of which point out the ERPO Act's *per se* "facial" unconstitutional vioaltion of the Fourth Amendment!  They claim they have a "MEMO Fix".  The MEMO Fix?  To ignore the literal text of the ERPO Act and administratively interpret and supplant and replace the word "… *good* …." with the word "… *probable*  …"!  To the extent that this may even be considered, it would only be in the context of an "as applied" challenge.  But this is in the end, not even a defense this Court may consider, even as to an "as applied" challenge.  This is not an argument at this stage to defeat plaintiff's order to show cause. It is not an issue of standing. This is an argument as to the ultimate outcome, made at the end of the case and only after discovery only if the state were able to prove that somehow, the automatic search warrant which issued on good cause pursuant to the statute did not issue (which pursuant to the statute is an impossibility) but was later issued under

a probable cause standard (also an impossibility). By the time a Superior Court judge can even begin to address the issue of the search warrant it had already issued based upon good cause.

Firstly, as the Supreme Court unequivocally stated: "*We would not uphold an unconstitutional statute merely because the Government promised to use it responsibly.*" *United States v. Stevens*, 559 U.S. 460, 479 (2010). From the foregoing it is equally clear that this Federal District Court cannot avoid its duty and decline to strike down a clearly facially unconstitutional State Statute merely because the State "promises" to ignore and disregard the actual literal unconstitutional text and instead "use it responsibly". *United States v. Stevens*, *supra*; *see also McDonnell v. United States*, 579 U.S. ___ (slip. op at page 23), 136 S. Ct. 2355, 2373–74 (2016) (noting that "we cannot construe a criminal statute on the assumption that the Government will 'use it responsibly'") (quoting *United States v. Stevens*, 559 U.S. 460, 480 (2010)) and *Lewis v. Alexander*, 685 *F.3d* 325, 341 (3d Cir. 2012) ("[T]o the extent the agency is pleading for a chance to interpret the statute more leniently than the statute's text might suggest, we question whether we can credit such an interpretation"). Unilateral "Executive Branch" discretion is not a defense.

Second, the Defendants simply have no power to do so as the Administrative Memos relied upon both violate the "*Winberry Doctrine*", an argument already fully briefed that need not be expanded upon here. Lastly, and as a supplement of sorts to the "*Winberry Doctrine*" argument, additional research has revealed four instances in modern times when the New Jersey Attorney General, when confronted with a clearly unconstitutional statute, has in fact declined to defend the unconstitutional act. In *May v. Cooperman,* 572 *F.Supp.* 1561 (D.N.J. 1983), *aff'd* 780 *F.2d* 240 (3d Cir. 1985), commonly referred to as the "Moment of Silence Case", a constitutional challenge was brought in Federal Court to the "Moment of Silence" Law for public

schools. The Attorney General initially filed an Answer, but thereafter declined to participate in the case to defend the statute which was ultimately declared unconstitutional as violating the United States Constitution's First Amendment's "Establishment Clause". The ruling was affirmed on appeal without the appearance of the Attorney General who declined to defend an unconstitutional statute. Second in *Planned Parenthood of Central New Jersey v. Verniero,* 415 *F.Supp.2d* 478 (D.N.J. 1998), *aff'd sub nom Planned Parenthood of Central New Jersey v. Farmer,* 220 *F.3d* 127 (3d Cir. 2000) (a case previously cited to this Court), commonly known as the "Partial Birth Abortion Ban Case", the Legislature (by overriding the Governor's Veto) enacted a statute banning so called "Partial Birth Abortions". A legal challenge was immediately brought and the Attorney General refused and declined to defend the facially unconstitutional law in Court. The Legislature hired private counsel to defend the law which was ruled unconstitutional by the Trial Court and which ruling was later affirmed on appeal, also without appearance from the Attorney General. Third, in *In re: Wheeler,* 433 *N.J.Super.* 560 (App. Div. 2013), a "gun control case", a Second Amendment case was brought challenging a statutory prohibition on retired police officers continuing to carry weapons after they retired. The law was defended at the Trial Level, but the Governor directed the Attorney General not to oppose or participate in the appeal. Fourth and most recently, in *Garden State Equality v. Davis*, 434 *N.J.Super.* 163 (Law Div. 2013), commonly known as the "Same Sex Marriage Case", a legal challenge was brought to a statute that allowed only members of the opposite sex to marry each other. The Attorney General (half heartedly) defended the law in the Trial Court which ruled that New Jersey's same sex marriage ban violated the New Jersey State Constitution. The Governor then directed that the Attorney General not pursue Appellate review thereby letting the Trial Court ruling stand.

Most relevant here is the *Garden State Equality v. Davis* case. The Attorney General in that case knew that they needed an actual Court Ruling in an actual Case or Controversy to decide the issue. That case was not decided on a MEMO, because there was no authority to do so there, and there is no authority to do so here. And the Defendants who have never tried this nonsense "Memo Fix" before, full well know this to be the truth.

What is interesting also about the Defense's position and argument is the incongruity of the position the State takes and leaves itself in. The Atty. Gen.'s office intentionally violates their sacred oath to uphold the Constitution and the laws of our state while intentionally defending the known unconstitutional law and then intentionally violating the law as it was written. While the Deputy Attorney General was never able to admit to Your Honor at oral argument that the law was unconstitutional (despite the memos which the Atty. Gen.'s office relies upon) if the law were not unconstitutional then why would they have to violate the law at all? It is only because it is known and acknowledged that it is unconstitutional that they seek to repeatedly violate the law as written.

Quite literally their position is if they make or do enough wrongs relative to the statute they will ultimately make it "right". A most conflicted and perplexing argument given the age old adage "two wrongs don't make a right".

Finally, one last perplexing argument that the Atty. Gen. makes is that the plaintiff is not injured because he cannot show that "such an injury is likely to occur in the future" (citing page 1 preliminary statement of the Atty. Gen.'s brief). What makes this interesting and perplexing is that it is true. The plaintiff cannot show that "such an injury is likely to occur *in the future*" but that is only because the injury **has already occurred** and the State has seized and taken his legally owned firearm, ammunition, and firearms identification card by way of issuance of a no

knock search warrant. Quite literally they are acknowledging that we cannot show that the injury will occur because the injury already has occurred and thus since it can't reoccur in their ever perplexing circular argument the Plaintiff would never have standing.

That is one of the unique things about the Atty. Gen.'s argument. No one ever could, and no one ever will, have standing to bring suit and challenge the constitutionality of this law whether it be per se facially or as applied. A most convenient argument and position for the Atty. Gen. to espouse.

The arguments set forth herein needed to be briefed to the court. However, as indicated originally, the issue of standing is so straightforward and simple that it is really a nonissue. Further, the arguments of the defense are arguments of ultimate outcome which are only made at the end of the case after discovery. At this juncture in order to prove standing the Plaintiff does not have to prove his case he merely had to show the basic prima facie elements of standing which clearly Plaintiff has met.

## CONCLUSION:

For the foregoing reasons and authorities cited in support thereof, it is respectfully requested that the Court Grand Plaintiff Greco's pending motion and enter the Preliminary Injunction as requested.

**Respectfully submitted,**

*s/ Albert Rescinio*

**ALBERT J. RESCINIO, ESQ.**