LAW OFFICES OF ALBERT J. RESCINIO, L.L.C.
1500 ALLAIRE AVENUE, SUITE 101
OCEAN, NJ   07712

ALBERT J. RESCINIO                                             732-531-2005
MEMBER OF N.J. BAR                                         FAX 732-531-8009
ERIK W. MUELLER, ESQ.                        E-MAIL arescinio@rescinio.com
MEMBER OF N.J. BAR                                           www.rescinio.com

November 2, 2020

*Via CM/ECF eFile:*
**Honorable Brian R. Martinotti, U.S.D.J.**
**Clarkson S. Fisher Building & U.S. Courthouse**
**402 East State Street - Room 341**
**Trenton, New Jersey 08608**

  RE: *Greco v. Grewal, et al.*
     **Civil Action No. 3:19-cv-19145-BRM-TJB**
     **FILE NO.: 4166**

**Dear Judge Martinotti:**

  I write in response to the October 26, 2020 letter from Deputy Attorney General Bryan Edward Lucas wherein he encloses a copy of the very recent Third Circuit "Precedential" Opinion in *P.D.X. North Inc. et al. v. Commissioner, New Jersey Department of Labor and Workforce Development,* ___ F.3d ___ , 2020 *WL* 6192954, Nos. 19-2968 and 19-2993 (3d Cir. October 22, 2020), arguing that: "*The PDX opinion involves legal questions directly at issue in this case related to abstention under Younger v. Harris, 401 U.S. 37 (1971)*". **(See ECF Document No. 86 at page 1).** Mr. Lucas – without permission – then uses the issuance of the new *PDX* opinion as pretext to make further argument on the pending motions (*sur sur sur* rebuttal?) and concludes: *"Defendants respectfully suggest that the Third Circuit's resolution of these issues in PDX further supports the arguments that they have advanced in favor of abstention in this matter."* **(See ECF Document No. 86 at page 2).**

  For the foregoing reason Plaintiff submits that Mr. Lucas' letter and the PDX Opinion should be ignored and not considered by this Court.

  Firstly, the Third Circuit's recent *PDX* Opinion does not in any meaningful way involve any new statement on the law of the application of *Younger* abstention doctrine that is in any way relevant to the issues in this case and the issues now before the Court in the pending motions regarding application of the "Law of the Case Doctrine" precluding the

Court from revisiting the *Younger* issue.  While it is true that the recent *PDX* opinion is indeed a case that generally involves the proper application of the *Younger* Abstention Doctrine, that is literally where any similarity or relevant application to this case and the pending motions before the Court ends.  All the Third Circuit did in the recent *PDX* opinion was apply the identical precedents which the parties in this case already extensively briefed and which the Court heard argument on and already rejected before continuing and ruling on the substance of the Preliminary Injunction Application.  Indeed, the Third Circuit affirmed the District Court's finding and application of the *Younger* Abstention Doctrine against *PDX*.  The only clarification in the law  - resulting in the "Precedential" Effect and publication of the opinion - came on an issue that has nothing to do with this case.  After affirming the *PDX* dismissal, Third Circuit continued and reversed the District Court as to application of the *Younger* Abstention Doctrine to the other Intervener Plaintiff (SLS Delivery Services, Inc. or "SLS"), and in so doing joined and followed established precedent in the First, Fourth, Fifth, Seventh and Eleventh Circuits.  More specifically, the Court held that "… *on the relevant facts in this case, the Department's audit did not involve judicial oversight and cannot be considered an ongoing judicial proceeding for Younger abstention purposes.*" *P.D.X. North Inc. et al. v. Commissioner, New Jersey Department of Labor and Workforce Development,* Slip Opinion at page 25.  The only "new" legal ruling was the Third Circuit (or this panel of the Third Circuit) holding that a State tax audit proceeding is NOT an "ongoing judicial proceeding" within the meaning of the *Younger* Abstention Doctrine, and as a matter of law, lacking an "ongoing judicial proceeding", the *Younger* Abstention Doctrine simply does not apply.  Here, there is no tax audit at issue.  As such, there is nothing new in the Third Circuit's recent *PDX* Opinion that could apply to the remaining pending motions in this case.

Second, Mr. Lucas research is incomplete.  The District Court Judge who  was affirmed in part and reversed in part – more specifically the District Court Judge who was indeed affirmed by the Third Circuit for his proper application of existing precedent and the *Younger* Abstention Doctrine at the trial level against Plaintiff *PDX* (the only portion of the Opinion that might be relevant to this case) was your Honor, something I am quite sure you are aware of! *See* OPINION, *PDX N., Inc. v. Asaro-Angelo*, Case No. 3:15-cv-7011-BRM-TJB, United States District Court for the District of New Jersey (July 29, 2019), by Martinotti, District Judge.  Stated somewhat differently, despite the fact that the proper law was indeed briefed by the parties, the Court was independently familiar with the correct law as outlined in the July 29, 2019 opinion where the Court merely reached a different conclusion on the propriety of the application of the *Younger* Abstention Doctrine to the very different facts of that case.

Third, as already pointed out in great detail in the briefs already filed relative to the motions still pending, the Court has already considered and rejected the Defendants *Younger* Abstention Doctrine arguments during the Preliminary Injunction phase of this litigation.  The Court made many and various substantive decisions and findings in that motion, including the specific finding that the TERPO Statute is facially unconstitutional. Under the

circumstances extant, the "law of the case doctrine" indeed applies to bar Defendants from attempting to re-litigate this already decided issue now for a second time in this very same case as "… *findings made in granting or denying preliminary injunctions can have preclusive effect*". *Hawksbill Sea Turtle v. FEMA*, 126 *F.3d* 461, 474 n.11 (3d Cir. 1997); *see also Pennsylvania Public Interest Research Group, Inc. v. P.H. Glatfelter Co.,* 128 *F.Supp.*2d 747, 756 (M.D. Pa. 2001). As previously noted in prior submissions, whether the findings are "sufficiently firm" to merit preclusive effect "turns on a variety of factors, including '[1] whether the parties were fully heard, [2] whether the court filed a reasoned opinion, and [3] whether that decision could have been, or actually was appealed.'" *Hawksbill*, 126 *F.3d* at 474 n.11 (citing *In re Brown*, 951 *F.2d* 564, 569 (3d Cir. 1991)); *see also Naser Jewelers, Inc. v. City of Concord*, 538 *F.3d* 17, 20 (1st Cir. 2008) (holding that law of the case doctrine applies to findings from a preliminary injunction motion when the record was "sufficiently developed and facts necessary to shape the proper legal matrix we[re] sufficiently clear").

      Here certainly application of the law of the case doctrine must apply. *Hawksbill*, 126 F.3d at 474 n.11. First, Defendants can not be heard to argue NOW that they did not have adequate notice that the issue was being raised, as it was THEY who raised the issue of the claimed applicability of *Younger* Abstention the first time at the preliminary injunction phase when the Court in no uncertain terms rejected their arguments. Second, Defendants can not argue that they did not have an opportunity to be fully heard. Defendants briefed the issue of *Younger* abstention extensively in their opposition to the Plaintiff's application for a preliminary injunction. Plaintiff fully briefed the *Younger* abstention issue in response. Then, Defendants orally presented their *Younger* abstention argument in open Court on the return date, with Plaintiff equally arguing against. The Court itself, after hearing oral argument on the *Younger* issue and at times engaging each party specifically on the issue, ultimately clarified to the Defendants that the procedural *Younger* abstention argument was their primary argument in opposition ("THE COURT: *So just to recap your argument, initially this Court should abstain under the Younger Doctrine ...*" (*See* **1T at Page 38 Line 16 through Page 38 Line 17)).** After the Court reserved, the Defendants again reminded the Court of their primary argument in the supplemental briefing on the issue of Article III standing stage. **(*See* ECF Document No. 53 at page 10, Footnote 3) "*The State, of course, maintains its position that there are other obstacles to hearing this case in federal court, including the abstention doctrine announced in Younger v. Harris, 401 U.S. 37 (1971). See ECF 32 at 17-24.*").** Certainly the record for deciding the issue of *Younger* Abstention was fully developed at this point such that the Court could make a fully informed decision and ruling on the issue. And that is exactly what the Court did and on February 21, 2020 the

Court issued the formal written Opinion and decided all of the substantive issues at issue in the Preliminary Injunction application, and in so doing the Court quite clearly rejected - if only implicitly in writing (as opposed to explicitly at oral argument) - the Attorney General's *Younger* Abstention arguments, as otherwise the Court would have not been able to proceed and substantively entertain and decide the Preliminary Injunction arguments and make the substantive rulings that it did. Frankly, Plaintiff was not surprised to see nothing specific about *Younger* Abstention in that final written opinion as in light of *Sprint Communications, Inc. v. Jacobs*, 571 *U.S.* 69 (2013) and the facts of this case, such argument was bordering on the frivolous within the meaning of *Rule* 11, which was Plaintiff's understanding why the Court did not bother to discuss the issue: It was frivolous and was rejected on the record at oral argument. Moreover, the Attorney General neither moved for reconsideration, nor was there effort to appeal. As such, this prior ruling - that *Younger* Abstention does not apply to this case - is now the law of the case, and these Defendants should be precluded and barred now from rearguing the very point that they already briefed twice (First at in their Preliminary Injunction opposition, and a second time in the "supplemental standing briefing" requested by the Court) and lost. Not only are there no other compelling reasons for re-litigating the same issue now, Defendants do not even so much as even argue that there are any compelling reasons!

To be clear, the issue before the Court in the pending motions is not threshold application of the *Younger* Abstention doctrine, this is an issue that Defendants have already LOST. Amazingly, rather that address the actual legal issue before the Court (applicability of "Law of the Case Doctrine") the State simply continues to re-submit essentially the same non-applicable boiler plate argument, now for a FOURTH time as if "No" is an answer that they cannot understand or accept in this adversarial proceeding. The Court should therefore completely disregard the entirety of Mr. Lucas' October 26, 2020 letter and rule that in proper context, the portions of the recent *PDX* Opinion that are in any way relevant to this case are not relevant to the actual issue before the Court.

**Respectfully submitted,**

*s/Albert Rescinio*

**ALBERT J. RESCINIO, ESQ.**

**AJR:ms**
**cc:** All Counsel of Record (Via CM/ECF eFile)